06-CV-05488-CMP

FILED_____ LODGED
_____ RECEIVED

AUG 2 4 2006

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

**David A. Schuck, WSB 37285**
e-mail: daschuck123@yahoo.com
Attorney at law
415 NE 99th Street
Vancouver, Washington 98665
Telephone:   (503) 703-5706
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

KATHERINE B. MAYNARD,

    Plaintiff,

v.

PREMIERE CREDIT OF NORTH AMERICA, LLC,

    Defendant,

No. 06 5488 JKA

COMPLAINT

Debt Collection Harassment;
Violation of 15 USC § 1692; Or. Rev. Stat. 646.639 *et. sec.*; Cal. Civil Code § 1788 *et. sec.*

**COMPLAINT**

Jury Trial Demanded

I.     PRELIMINARY STATEMENT

1.     This is an action for money damages brought by a consumer against a debt collection agency for unlawful debt collection activity.

2.     This action is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 USC § 1692, *et seq*, which prohibits abusive, deceptive and unfair

[handwritten margin note: summons issued in blank T 800]

debt collection practices.

3. Plaintiff's claims arise from Defendant's attempts to collect a debt in the states of California, Oregon, North Carolina, and Washington through means and facilities of interstate commerce, telephone systems, and the US Postal Service.

## II. JURISDICTION

4. Jurisdiction of this court arises under 15 U.S.C. §1692 k(d).

## III. PARTIES

5. Plaintiff is a natural person residing in the state of Oregon and working in the state of Washington. Plaintiff is a consumer.

6. Defendant Premiere Credit of North America, LLC, is a collection agency with its principal place of business in Indianapolis, Indiana and a debt collector.

## IV. FACTUAL ALLEGATIONS

7. Defendant attempted, on multiple occasions, to collect a consumer debt from Plaintiff by making telephone calls and sending correspondence.

8. Defendant contacted Plaintiff's employer on multiple occasions speaking with co-workers and the owner of the company.

9. Defendant, in said telephone conversations, disclosed the alleged debt and further improper information to Plaintiff's co-workers and employer.

10. Defendant pretended to be calling from the California State Bar Association by leaving a message for Plaintiff with Plaintiff's co-worker that the Bar would be suspending her license to practice law within nine days.

COMPLAINT FOR DEBT COLLECTION HARASSMENT — Page 2 of 5

11. Said telephone conversations were used to threaten Plaintiff and to investigate Plaintiff's position and job duties at her current employer.

12. Defendant represented to Plaintiff's employer that they had an order of garnishment which they were going to serve if Plaintiff did not pay the debt.

13. Defendant sent fax communications to Plaintiff's employer clearly labeling itself as "Premiere Creditors."

14. Defendant made threats of actions that it could not, or alternatively did not, intend to take during some of its telephone calls.

15. Defendant contacted friends and/or relatives of Plaintiff and discussed issues other than the location or contact information of the Plaintiff.

16. Defendant stated and/or implied to multiple third parties and to Plaintiff that it would cause specific government agencies to act against Plaintiff including but not limited to the California State Bar Association taking action against the current status of her license.

17. Defendant did not respond to Plaintiff's request for accounting information regarding the loans specifically payments credited, balances due, etc.

18. On a regular and excessive basis, frequently several times daily, Defendant caused to be left by pre-recorded means lengthy, harassing and annoying messages on Plaintiff's answering machine.

19. On several occasions Defendant also caused the same pre-recorded lengthy, harassing and annoying messages to be left on Plaintiff's employer's answering machine.

20. The unlawful actions of Defendant caused me emotional distress including anxiety, worry, embarrassment, fear, etc.

///

V.   FIRST CLAIM FOR RELIEF

21. Matters alleged in paragraphs 1 through 20 above are incorporated herein by reference.

22. Within the year preceding filing of the complaint and during the course of attempting to collect the debt, Defendants used false, deceptive and misleading representations and means by threatening actions in collection of a debt that Defendant did not intend to take.

23. Within the year preceding filing of the complaint and during the course of attempting to collect the consumer debt, Defendants used unfair and unconscionable means by attempting to collect a consumer debt by using a threats, intimidation, by contacting her employment for improper purposes, by communicating personal information in writing via open fax for all to read.  Defendant knew, or should have known, that such actions caused risk of termination of Plaintiff's employment, and/or fear in Plaintiff that she would be terminated from her employment, and or that her license to practice law would be affected by non-payment.

24. Pursuant to 15 USC § 1692k(a)(1), Defendant is liable to Plaintiff for her actual damages according to proof.

25. Pursuant to 15 USC §1692k(a)(2)(A), Defendant is liable to Plaintiff for $1,000.00 in statutory damages.

26. Pursuant to 15 USC § 1692k(a)(3), Plaintiff is entitled to her reasonable attorney fees and costs herein.

VI.  SECOND CLAIM FOR RELIEF

27. Plaintiff incorporates paragraphs 1-21 as though fully restated herein.

28. The above actions were taken by Defendant in violation of Or. Rev. Stat.

DAVID A. SCHUCK LLC
Attorney at Law
415 SE 99th Street • Vancouver, Washington  98665
(503) 703-5706

1 | 646.639 *et. sec.*

2 | 29.   Pursuant to Or. Rev. Stat. 646.641 Plaintiff is entitled to her damages, or
3 | $200.00, which ever is greater.
4 | 30.   Because Defendant's actions were of such an egregious nature, Plaintiff is
5 | entitled to punitive damages in an amount to be proved at trial.  Or. Rev. Stat. 646.641.
6 | 31.   Pursuant to Or. Rev. Stat. 646.641 Plaintiff is entitled to her reasonable attorney
7 | fees.

8 |

9 | VII.   THIRD CLAIM FOR RELIEF
10 | 32.   Plaintiff incorporates paragraphs 1-21 as though fully stated herein.
11 | 33.   The above actions were taken by Defendant in violation of Cal. Civil Code §
12 | 1788 *et. sec.*
13 | 34.   Pursuant to Civil Code § 1788.30 Plaintiff is entitled to her actual damages,
14 | plus $1,000.00 for Defendant's wilful violations.
15 | 35.   Pursuant to Civil Code § 1788.30 Plaintiff is entitled to attorney fees in the
16 | prosecution of this action.
17 |
18 |       WHEREFORE, plaintiff demands judgment in her favor and against Defendant
19 | on each of her claims for actual damages, statutory damages, punitive damages, and
20 | for her attorney fees.
21 |       DATED:   August 21, 2006.
22 |
23 |                           DAVID A. SCHUCK, LLC
24 |
25 |                           _____
26 |                           DAVID A. SCHUCK, WSBA 37285
                              Attorney for Plaintiff

COMPLAINT FOR DEBT COLLECTION HARASSMENT                              - Page 5 of 5