1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

KATHERINE B. MAYNARD,                    )   NO. 06-05488
                                         )
12                        Plaintiff,     )   DEFENDANT'S MOTION FOR
                                         )   SUMMARY JUDGMENT OF
13          v.                           )   DISMISSAL
                                         )
14   PREMIERE CREDIT OF NORTH AMERICA )
     LLC,                                 )      **NOTE FOR CONSIDERATION:**
15                                        )          **APRIL 6, 2007**
                          Defendant.     )
16                                        )
                                         )
17   _____)

18   **I.     Relief Requested.**

19          Defendant moves for Summary Judgment on Plaintiff's claims for relief under the

20   Fair Debt Collection Practices Act, 15 U.S.C. Section 1601 et seq. ("FDCPA").

21          Specifically as to the following paragraphs in the Complaint -- 2, 4, 8-11, 13-20, and

22   24-26 -- Premiere asks for a summary judgment dismissing Plaintiff's FDCPA claims

     because no material facts are disputed and Premiere is entitled to judgment as a matter of
23
     law.  Put another way, since Premiere did nothing wrong, the *true* facts fail to state a dispute
24
     upon which FDCPA relief may be granted. FRCP 12(b)(6).
25

26   DEFENDANT'S MOTION FOR
     SUMMARY JUDGMENT

27

28

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

-1-

**II.      Statement of Facts.**

Premiere Credit of North America, LLC  ("Premiere") is the Defendant in this action. At all times pertinent, Premiere was the collection agency for the California Student Aid Commission ("CSAC"). The Defendant Ms. Maynard is a defaulted student loan borrower.

Maynard owes more than $52,274.64 on her defaulted student loan. Affidavit of Todd J. Wolfe in Support of Defendant's Motion for Summary Judgment ("Wolfe Aff.") at page 3, line 6. Maynard filed this lawsuit in August 2006 after Premiere, on behalf of the California Student Aid Commission, garnished her wages. The complaint alleges FDCPA and state law violations.

**In general:**     The debt at issue was a student loan governed by Title V or Title IV of the Higher Education Act ("HEA"), 20 USC Section 1070 et seq., which authorizes the Secretary of Education to administer student loan and grant programs in order to allow students to obtain federal guaranteed education loans. Wolfe Aff. at page 2, line 3. Under this program, a student receives a loan from a participating lender, usually a bank, to pay postsecondary education expenses. Id. at line 7. Repayment of the loan is guaranteed by a guaranty agency such as the California Student Aid Commission; Id.; 20 USC Sec. 1078(b), (c). When a student defaults on a student loan, the guaranty agency pays the outstanding loan balance to the private lender and takes title to the loan. Wolfe Aff. At page 2, line 8.

After an individual defaults on a loan, the Higher Education Act of 1965, as amended in 1991 by 20 USC 1095a, provided at all times pertinent hereto that a federal guaranty agency could garnish a student loan debtor's disposable wages up to ten percent.[1] The Act and accompanying federal regulations promulgated by the Secretary of Education create an administrative garnishment procedure, alleviating the requirement on guarantors such as the CSAC to file a lawsuit, obtain a judgment, and then pursue collection by way of judicial garnishment. Wolfe Aff. at page 2, line 17. Rather, the HEA permits guarantors, such as the

---

[1] The rate is now 15 percent. 20 U.S.C. Sec. 1095a(a)(1).

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

-2-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

CSAC, to administratively garnish a debtor's wages without going to court. Id.; 20 USC Sec. 1095a.  To ensure compliance with the HEA and the corresponding regulations, the DOE and CSAC have drafted form notices for guarantors to use in initiating garnishment proceedings and use of these forms is mandatory. Id.; 34 CFR 682.401(d)(3).

**Maynard:**      The California Student Aid Commission is a federal guaranty agency as defined under the Act. Wolfe Aff. at page 2, line 21. In 1988, Maynard incurred a debt under a federally-insured student loan program and the California Student Aid Commission guaranteed the loan. At all times pertinent to this litigation, Maynard was in default in payments under that loan. CSAC paid the balance and took title to the loan. Id. at line 23.

In an effort to collect from Maynard, CSAC retained Premiere which attempted to reach Maynard by telephone and verified her employment. Id. at page 3, line 1. On November 15, 2005, Premiere mailed a "Notice Prior to Wage Withholding" to Ms. Maynard at her last known address and on December 21, 2005, served an administrative garnishment on Maynard's employer to collect the unpaid balance of  $52,274.64 due as of November 15, 2005 on her defaulted student loan. Id. at line 6.

No one from Premiere improperly or unlawfully disclosed Maynard's debt to her co-workers. Id. at line 7.  Premiere contacted Maynard's office only reach her directly or to verify information necessary to serve the administrative wage garnishment. Id. at line 8. Premiere now files this Motion for Summary Judgment, because under the undisputed facts, it has done nothing to violate federal law.

The website of the California State Bar Association reports that Katherine Barrington Maynard was not eligible to practice law from August 12, 1996 until June 20, 1997 for failing to pay Bar membership fees. Declaration of Stephen A. Bernheim in Support of Defendant's Motion for Summary Judgment, Exhibit A.

**III.    Statement of Issues.**

Whether summary judgment of dismissal should be granted when there is no admissible evidence of Premiere's wrongdoing? Premiere submits the answer is, "yes."

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

-3-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

**IV.     Evidence Relied Upon.**

The following evidence is submitted in support of Defendant's Motion for Summary Judgment:

•     Affidavit of Todd J. Wolfe in Support of Defendant's Motion for Summary Judgment

•     Declaration of Stephen A. Bernheim

•     Records and files herein

**V.     <u>No Evidence in the Record Supports any Material Allegations of Wrongdoing</u>.**

Plaintiff makes ten allegations in the complaint that purport to support a cause of action against Premiere for debt collection violations. The only competent and admissible evidence in the record disproves or shows no support for the elements of her cause of action. Even though Maynard accuses Premiere of improperly disclosing information to "Plaintiff's co-workers and employer," of sending improper faxes, of "contacting [plaintiff's] friends and/or [sic] relatives,"  of making statements to "multiple third parties," and of leaving messages more than once a day on her answering machine, she names no names, describes no documents, and has no messages.

Sworn testimony submitted from Premiere's Todd Wolfe rebuts Maynard's allegations. Therefore, her FDCPA claims should be dismissed.

<u>Standard of Review.</u> Summary judgment is appropriate when "there is no genuine issue as to any material fact," *see* Fed.R.Civ.P. 56(c), and only if "the evidence ... is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A.     <u>Premiere did not disclose the alleged debt or improper information to Maynard's co-workers or employer.</u>

In paragraph 9 of the complaint, Maynard says Premiere "disclosed the alleged debt and further improper information to Plaintiff's co-workers and employer." Under Section 805(b) of the FDCPA, 15 USC Section 1692c(b), a debt collector typically may not

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

-4-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

communicate in connection with the collection of any debt with any person except that communication is permitted "for the purpose of acquiring location information about the consumer," as permitted under Section 804, 15 USC Section 1692b.

No one from Premiere disclosed the alleged debt to Plaintiff's co-workers. Wolff Aff. at page 3, line 12. As shown by the account notes, Premiere made no contacts with Maynard's co-workers. Wolfe Aff., Exhibit A. There is no evidence from any of Maynard's co-workers that Premiere contacted them, nor does Maynard identify any co-worker to whom Premiere disclosed the debt. Maynard has not identified any such parties in any Initial Disclosure required under court rules and this Court's scheduling order.

Premiere contacted Maynard's office only to reach her directly or to verify information necessary to serve the administrative wage garnishment. Wolfe Aff., page 3, line 16. There is no evidence in the record creating any material fact that Premiere communicated with anyone except as authorized by Section 804.

Because there is no competent evidence in the record that Premiere improperly contacted third parties, the Court should grant Premiere's motion for summary judgment as to this count.

B.     Premiere never pretended to be calling from the California State Bar.

In paragraph 10 of the complaint, Maynard says Premiere "pretended to be calling from the California State Bar Association by leaving a message for Plaintiff with Plaintiff's co-worker that the Bar would be suspending her license to practice law within nine days."

Under Section 807(10) of the FDCPA, 15 USC Sec. 1692e(10), a debt collector may not use "false representation or deceptive means" to collect any debt. Here, despite Maynard's allegations, the undisputed evidence at this point shows that Premiere never pretended to be calling from the California State Bar Association and made no statement or threat regarding Ms. Maynard's California State Bar Association membership to anyone or toward Ms. Maynard.  Wolfe Aff. at pages 3-4.  Premiere has no idea how Ms. Maynard became aware of such claims, and denies them entirely. Id.

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

-5-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

The website of the California State Bar Association reports that Katherine Barrington Maynard was not eligible to practice law from August 12, 1996 until June 20, 1997 for failing to pay Bar membership fees. Declaration of Stephen A. Bernheim in Support of Defendant's Motion for Summary Judgment, Exhibit A. It may have been that the California State Bar was calling again; it was not Premiere.

Because there is no competent evidence in the record that Premiere pretended to be calling from the California State Bar or left any message with any of Maynard's co-workers that the Bar would suspend her law license, the Court should grant Premiere's motion for summary judgment as to this count.

C.    Premiere never mislabeled itself "Premiere Creditors".

In paragraph 13 of the complaint, Maynard says Premiere "sent fax communications to Plaintiff's employer clearly labeling itself as "Premiere Creditors."

Under Section 807(14) of the FDCPA, 15 USC Sec. 1692e(14), a debt collector may not use "any business . . . name other that the true name of the debt collector's business" in the course of collecting any debt. Here, despite Maynard's allegations, there is no evidence that Premiere ever used any name other than its true name in connection with collection of Maynard's debt.

Premiere has no idea what Maynard is referring to. Maynard's statement is simply not true. Wolfe Aff. at page 4, line 6. Maynard has not identified any such documents in her initial disclosures. Because there is no competent evidence in the record that Premiere ever improperly labeled itself "Premiere Creditors," the Court should grant Premiere's motion for summary judgment as to this count.

D.    Premiere never made any threats of action is could not or did not intend to take.

In paragraph 14 of the complaint, Maynard says Premiere "made threats of actions that it could not, or alternatively did not, intend to take." The only threat of action that

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

Premiere made was to threaten to undertake an administrative wage garnishment, an act Premiere could and did undertake. Wolfe Aff. at page 4, line 8.

Under Section 807(5) of the FDCPA, 15 USC Sec. 1692e(5), making a "threat to take any action that cannot legally be taken or that is not intended to be taken" is a false and deceptive representation and hence, a violation of the FDCPA. In this case, however, Maynard does not say what action Premiere threatened to take. There is no evidence in the record of any threat of any action that could not be taken or was not intended to be taken.

Premiere has no idea what Maynard is referring to. Maynard's statement is simply not true. Because there is no competent evidence in the record that Premiere ever made any threats, nor are there any allegations in the complaint as to what the threats were, the Court should grant Premiere's motion for summary judgment as to this count.

E.      Premiere never "discussed issues" with "friends and/or relatives".

In paragraph 15 of the complaint, Maynard says Premiere "contacted friends and/or relatives of Plaintiff and discussed issues other than the location or contact information of the Plaintiff."

Under Section 805(b) of the FDCPA, 15 USC Section 1692c(b), a debt collector typically may not communicate in connection with the collection of any debt with any person except that communication is permitted "for the purpose of acquiring location information about the consumer," as permitted under Section 804, 15 USC Section 1692b.

No one from Premiere contacted Maynard's friends or relatives to discuss issues other than Maynard's location or contact information. Wolfe Aff. at page 4, line 18. As shown by the account notes, Premiere made no contact at all with Maynard's friends or relatives. Id. at Exhibit A. There is no evidence in the record from any of Maynard's friends or relatives that Premiere contacted any of them, nor does Maynard identify in her initial disclosures any friend or relative Premiere contacted. The record presently shows that Premiere never contacted any of  Maynard's friends or relatives, by telephone or otherwise. Id. at page 4, line

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

-7-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

21. There is no evidence in the record creating any material fact that Premiere communicated with anyone except as authorized by Section 804.

Because there is no competent evidence in the record that Premiere improperly contacted third parties, the Court should grant Premiere's motion for summary judgment as to this count.

F.      Premiere never claimed that it "could cause . . . government . . . to act against" Maynard.

In paragraph 16 of the complaint, Maynard alleges that Premiere "stated to multiple third parties and to Plaintiff that it could cause specific government agencies to act against Plaintiff including but not limited to the California State Bar Association taking action against the current status of her license."

Under Section 807(5) of the FDCPA, 15 USC Sec. 1692e(5), making a "threat to take any action that cannot legally be taken or that is not intended to be taken" is a false and deceptive representation and hence, a violation of the FDCPA. In this case, Premiere did not make any such statements as alleged to anyone, including "multiple third parties." Wolfe Aff. at page 5, line 3. Premiere has no idea what Maynard is referring to and denies making any such statement. Maynard's allegation is simply not true. Premiere made no statement or threat regarding  Maynard's California State Bar Association membership to anyone.  Id. at line 6.  Premiere has no idea how Ms. Maynard became aware of such claims, and denies them entirely.

Premiere contacted no one except Plaintiff's employer for purposes of undertaking the administrative wage garnishment authorized by federal and California state law. 20 USC §1095a. Id. at line 8. Because there is no competent evidence in the record that Premiere improperly claimed that it could bring adverse government action against Maynard, the Court should grant Premiere's motion for summary judgment as to this count.

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

-8-

G.    Premiere never failed to respond to Maynard's requests for information.

In paragraph 17 of the complaint, Maynard says that Premiere "did not respond to Plaintiff's request for accounting information regarding the loan specifically payments credited, balances due, etc."

This allegation is subject to a motion to dismiss for failure to state a claim under FRCP 12(b)(6). There is no violation of law to "not respond to Plaintiff's request for accounting information." Maynard has not cited any law that is violated, even if the claims she makes in paragraph 17 are true. Nor has Maynard disclosed in any initial disclosure the identity of any document purporting to be such a request.

In any case, Premiere is not aware of any request for information submitted to it by Ms. Maynard; Maynard never requested any information and therefore, Premiere never failed to respond to any such request.  Wolfe  Aff. at page 5, line 13. Even if such a failure to respond states a cause of action, which it does not, there is no evidence in the record that Maynard made any such request or that Premiere failed to respond to it. Id.

Because there is no indication that failing to respond to a request for information violates the law, this claim should be dismissed under FRCP 12(b)(6). To the extent that any law is allegedly violated, there is no competent evidence in the record that Premiere improperly failed to respond to an information request from Maynard, and the Court should grant Premiere's motion for summary judgment as to this count.

H.    Premiere never left harassing messages for Maynard.

In paragraph 18 of the complaint, Maynard alleges that "on a regular and excessive basis, frequently several times daily, Defendant caused to be left by pre-recorded means lengthy, harassing and annoying messages on Plaintiff's answering machine."

Under Section 806 of the FDCPA, 15 USC Sec. 1692d, a debt collector may not "engage in any conduct the natural consequence of which is to . . . harass." A debt collector may not "cause a telephone to ring or engag[e] any person in telephone conversation

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

-9-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

1  repeatedly or continuously with the intent to annoy, abuse, or harass any person." 15 USC
2  Sec. 1692d(5).

3      According to the account notes, Premiere never called more than once a day. Wolfe
4  Aff. at page 5, line 17.  Premiere never engaged in harassing conduct or called Maynard
5  "repeatedly or continuously with the intent to annoy, abuse, or harass." Id. There is no
6  evidence in the record of any annoying, abusive or harassing contact between Premiere and
   Maynard.

7      Because there is no competent evidence in the record that Premiere improperly left
8  harassing telephone message for Maynard, the Court should grant Premiere's motion for
9  summary judgment as to this count.

10     I.      Premiere never left harassing messages for Maynard's employer.

11     In paragraph 19 of the complaint, Maynard alleges that "on several occasions
12  Defendant also caused the same pre-recorded lengthy, harassing and annoying messages to
13  be left on Plaintiff's employer's answering machine."

14     Under Section 806 of the FDCPA, 15 USC Sec. 1692d, a debt collector may not
15  "engage in any conduct the natural consequence of which is to . . . harass." A debt collector
   may not "cause a telephone to ring or engag[e] any person in telephone conversation
16  repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called
17  number." 15 USC Sec. 1692d(5).

18     According to the account notes, Premiere made only one telephone call to plaintiff's
19  employer. Premiere called the employer only once. Wolfe  Aff. at page 6, line 1. There is no
20  evidence of any abusive conduct by Premiere with Maynard's employer.

21     Premiere properly contacted Ms. Maynard's employer once on October 24, 2005 in
22  order to ascertain employment information for purposes of serving an administrative wage
23  garnishment authorized by federal and California state law. 20 USC §1095a. During that
24  telephone call, Premiere verified Maynard's employment with her employer and obtained
   from him a fax number to which to deliver the administrative wage garnishment materials on

25  DEFENDANT'S MOTION FOR
26  SUMMARY JUDGMENT

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

27                      -10-
28

behalf of the California Student Aid Commission, to which Ms. Maynard remains indebted. Id.

Because there is no competent evidence in the record that Premiere improperly left harassing telephone message for Maynard's employer, the Court should grant Premiere's motion for summary judgment as to this count.

J.      Maynard alleges no damages resulting from any illegal conduct of Premiere.

In paragraph 20 of the complaint, Maynard alleges "The unlawful actions of Defendant caused me emotional distress including anxiety, worry, embarrassment, fear, etc."

Section 813(1) of the FDCPA, 15 USC Sec. 1692k(1), allows plaintiffs to recover "any actual damages sustained by such person as a result of" violations of the FDCPA. Here, there is no evidence whatsoever of any violations of the act, much less damages sustained by Maynard in the course of one.

Because there is no competent evidence in the record that Maynard has suffered any actual damages "as a result of" any violation of the FDCPA, the Court should grant Premiere's motion for summary judgment as to this count.

**VI.   Proposed Order**

A copy of Defendant's proposed Order is attached.

DATED this 13th day of March, 2007.


/s/  Stephen A. Bernheim
Stephen A. Bernheim, WSBA # 15225
Attorney for Plaintiff


DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

-11-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com