UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHERINE B. MAYNARD,

    Plaintiff,

    v.

PREMIERE CREDIT OF NORTH AMERICA, LLC,

    Defendant.

Case No.  C06-5488RJB

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

    This matter comes before the court on Defendant's Motion for Summary Judgment of Dismissal. Dkt. 14.  The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

PROCEDURAL AND FACTUAL BACKGROUND

    On August 24, 2006, plaintiff filed a civil complaint for debt collection harassment, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., Or. Rev. Stat. 646.639 et seq., and Cal. Civil Code § 1788, et seq.  Dkt. 1.

    The complaint alleges that defendant, a collection agency, (1) attempted, on multiple occasions, to collect a consumer debt from plaintiff by making telephone calls and sending correspondence; (2) contacted plaintiff's employer on multiple occasions speaking with co-workers and the owner of the company; (3) disclosed the alleged debt and further improper information in

ORDER
Page - 1

1  telephone conversations to plaintiff's co-workers and employer; (4) pretended to be calling from the
2  California State Bar Association by leaving a message for plaintiff with plaintiff's co-worker that the
3  Bar would be suspending her licence to practice law within nine days; (5) used the telephone
4  conversations to threaten plaintiff and to investigate her position and job duties with her current
5  employer; (6) represented to plaintiff's employer that they had an order of garnishment that they were
6  going to serve if plaintiff did not pay the debt; (7) sent FAX communications to plaintiff's employer,
7  labeling itself as "Premiere Creditors;" (8) made threats during some of the telephone calls of actions
8  that it could not, or did not, intend to take; (9) contacted plaintiff's friends and/or relatives and
9  discussed issues other than plaintiff's location or contact information; (10) stated and/or implied to
10 multiple third parties and to plaintiff that it would cause specific government agencies to act against
11 her, including to the California State Bar Association to take action against the current status of her
12 license; (11) failed to respond to plaintiff's request for accounting information regarding the loans;
13 (12) on a regular and excessive basis, frequently several times daily, left lengthy, harassing and
14 annoying prerecorded message on plaintiff's answering machine; and (13) left lengthy, harassing and
15 annoying prerecorded message on plaintiff's employer's answering machine. Dkt. 1, at 2-3. Plaintiff
16 contends that defendant's actions caused emotional distress, including anxiety, worry, embarrassment,
17 and fear. *Id.* at 3.

## MOTION

19 On March 14, 2007, defendant filed a motion for summary judgment, contending that there is
20 no material evidence in the record to support allegations of wrongdoing. Specifically, defendant
21 maintains that it (1) did not disclose the alleged debt or improper information to plaintiff's co-workers
22 or employer; (2) did not leave a message for plaintiff with her coworker, pretending to be calling from
23 the California State Bar Association, that the Bar would be suspending her license to practice law
24 within nine days; (3) did not mislabel itself "Premiere Creditors;" (4) did not make any threats of
25 action it could not or did not intend to take; (5) did not discuss issues with plaintiff's friends and/or
26 relatives; (6) did not claim it could cause the government to act against her; (7) did not leave harassing
27 messages for her; and (8) did not leave harassing messages for her employer. Dkt. 14. Defendant
28 further maintains that plaintiff has not alleged damages from any illegal conduct by defendant. *Id.* at

ORDER
Page - 2

11.

In her response, plaintiff has moved to strike the declaration supporting defendant's motion for summary judgment, contending that it lacks foundation, constitutes inadmissible hearsay, omits important evidence, and contains legal conclusions. Dkt. 15. Plaintiff claims that, even if the court considers the declaration, the motion for summary judgment should be denied because plaintiff has evidence that (1) defendant disclosed the alleged debt or improper information to plaintiff's co-workers or employer; (2) defendant improperly used the name of the California State Bar in an attempt to get plaintiff to respond; (3) defendant mis-labeled itself as the California Student Loan Commission; (4) defendant made threats of actions it could not take and did not take; (4) defendant improperly contacted individuals; (5) defendant claimed on multiple occasions that it could cause the government to act against plaintiff; (6) defendant failed to respond to two separate requests by plaintiff for validation of the alleged debt; (7) defendant left harassing messages for plaintiff and her employer; (8) plaintiff has alleged damages under the relevant statutes, which provide statutory damages. In her response, plaintiff requests that, in the alternative to ruling on the motion for summary judgment, the court permit her additional time to conduct discovery, since no discovery has been conducted. Plaintiff further noted that the motion for summary judgment does not address allegations she has made under the California and Oregon debt collection statutes. Plaintiff provided evidence in support of her claims; that evidence is sufficient to create issues of fact on most of the claims.

On April 6, 2007, defendant filed a reply, stating that most of the motion for summary judgment would not have been necessary had plaintiff timely provided initial disclosures, which she has yet to provide; and that Mr. Wolfe's affidavit is admissible as business record, which pointed out the absence of evidence supporting plaintiff's claims. In its response, defendant states that it withdraws the motion for summary judgment, with the exception of the following two claims: (1) plaintiff's allegations in paragraph 13 of the complaint that defendant sent FAX communications to plaintiff's employer clearly labeling itself as "Premiere Creditors" should be dismissed because plaintiff's evidence does not support this claim; and (2) plaintiff's claims under the FDCPA that defendant failed to respond to her requests for verification should be dismissed because they are barred by the one year statute of limitations. Dkt. 25. In addition, defendant argues that plaintiff's damages are limited to

statutory damages because plaintiff has yet to serve initial disclosures and has not provided a computation of damages. *Id.*

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

Defendant has set forth the statutory scheme for the student loan at issue. For purposes of this summary judgment only, the court adopts defendant's representation of the law, defendant's role regarding plaintiff's alleged debt, and the debt that underlies this action related to collection of the debt.

The debt at issue was a student loan governed by Title V or Title IV of the Higher Education Act (HEA), 20 U.S.C. §1070 *et seq.*, which authorizes the Secretary of Education to administer student loan and grant programs in order to allow students to obtain federal guaranteed education loans. Dkt. 14-3, at 2. Under this program, a student receives a loan from a participating lender, usually a bank, to pay postsecondary education expenses. *Id.* at 7. Repayment of the loan is guaranteed by a guaranty agency such as the California Student Aid Commission (CSAC); *Id.*; 20 USC § 1078(b), (c). When a student defaults on a student loan, the guaranty agency pays the outstanding loan balance to the private lender and takes title to the loan. Dkt. 14-3, at 2.

After an individual defaults on a loan, the Higher Education Act of 1965, as amended in 1991 by 20 USC 1095a, provides that a federal guaranty agency could garnish a student loan debtor's disposable wages up to ten percent. The Act and accompanying federal regulations promulgated by the Secretary of Education create an administrative garnishment procedure, alleviating the guarantors such as the CSAC of the requirement to file a lawsuit, obtain a judgment, and then pursue collection by way of judicial garnishment. *Id.* Rather, the HEA permits guarantors, in this case the CSAC, to administratively garnish a debtor's wages without going to court. *Id.*; 20 USC § 1095a. To ensure compliance with the HEA and the corresponding regulations, the Department of Education and CSAC have drafted form notices for guarantors to use in initiating garnishment proceedings and use of these forms is mandatory. *Id.*; 34 C.F.R. 682.401(d)(3).

The CSAC is a federal guaranty agency as defined under the Act. Dkt. 14-3, at 2. In 1988, plaintiff allegedly incurred a debt under a federally-insured student loan program and the CSAC guaranteed the loan. Defendant contends that plaintiff was in default in payments under that loan during the time period covering the allegations in the complaint. CSAC paid the balance and took title to the loan. *Id.* In an effort to collect from plaintiff, CSAC retained defendant Premiere Credit of North America, LLC.

Plaintiff has requested that the court strike Todd Wolfe's declaration, Dkt. 14-3. *See* Dkt. 15, at 1-12. The declaration is sufficient to raise issues that require plaintiff to make a showing on all essential elements of her claims, on which she has the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. at 323-325 (burden of moving party in summary judgment motion may be met by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case; once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial). Plaintiff's motion to strike should be denied.

In light of defendant's request to withdraw the balance of the summary judgment motion, only three issues remain to be resolved.

**1. December 21, 2005 Letter**

Paragraph 13 of the complaint states that "[d]efendant sent fax communications to Plaintiff's employer clearly labeling itself as 'Premiere Creditors'." Dkt. 1-1, at 3. Defendant contends that plaintiff's evidence does not support this allegation, and the claim based upon this allegation should be dismissed.

The evidence submitted by plaintiff shows that, on December 21, 2005, a letter was sent to plaintiff's employer, requesting that payment should be remitted to "Premiere Credit of North America, LLC." Dkt. 20, at 7 and 8. Plaintiff's allegation that the letter identified defendant as "Premier Creditors" is not supported by the evidence. Defendant should be granted summary judgment on this claim, and the FDCPA claim based upon Paragraph 13 of the complaint should be dismissed.

**2. Failure to Respond to Requests for Verification**

Paragraph 17 of the complaint states that "[d]efendant did not respond to Plaintiff's request for accounting information regarding the loans specifically payments credited, balances due, etc." Dkt. 1-1, at 3. In response to defendant's motion for summary judgment, plaintiff provided a copy of a letter she sent to "Department 716" at a Post Office Box in Concord, California, dated June 14, 2005. Dkt. 20. The letter stated that plaintiff disputed the validity of "this debt, and or portions of it;" requested that verification of this debt be forwarded to her; and that she be advised of her rights and the

1  remedies available to her, including, but not limited to, administrative review." *Id.*

2  In its reply, defendant contends that any claim based upon this letter is barred by the FDCPA's
3  one year statute of limitations, 15 U.S.C. § 1692k(d)("any action to enforce any liability created by
4  this subchapter may be brought ... within one year from the date on which the violation occurs.").

5  Because the statute of limitations issue was raised in a reply, plaintiff has not had the
6  opportunity to respond to the statute of limitations issue.  The court should not grant summary
7  judgment in defendant's favor unless and until plaintiff has an opportunity to respond to a proper
8  motion raising this affirmative defense.

9  **3. Damages**

10 Defendant contends in its reply that plaintiff should be limited to statutory damages of $1000
11 because plaintiff has not provided a computation of any damages, and because the FDCPA does not
12 provide for more than $1000 in any action brought under the FDCPA.

13 This summary judgment motion was apparently brought before plaintiff had provided
14 disclosures to defendant.  As a result, most of the claims and arguments upon which defendant relied
15 have been abandoned, in light of evidence submitted by plaintiff in her response to the motion f or
16 summary judgment. Defendant states that plaintiff has yet to provide the information required by
17 Fed.R.Civ.P. 26(a).  The court expects the parties to work together and to comply with the rules.  A
18 motion that is filed prematurely is not the best use of the court's time.  If the parties are having
19 difficulty complying with the rules of procedure, they may seek assistance from the court.  In any
20 event, a request that the court limit damages is premature.

21 Therefore, it is hereby

22 **ORDERED** that Defendant's Motion for Summary Judgment of Dismissal (Dkt. 14) is
23 **GRANTED IN PART AND  DENIED IN PART**, as follows: (1) the FDCPA claim based upon the
24 statement in Paragraph 13 of the complaint, that defendant sent FAX communications to Plaintiff's
25 employer clearly labeling itself as "Premiere Creditors," is **DISMISSED**; (2) the FDCPA claims
26 related to plaintiff's requests for verification and to damages may proceed; and (3) all other issues

27
28

ORDER
Page - 7

raised by defendant in the summary judgment motion have been withdrawn and accordingly **DENIED** as moot. Plaintiff's motion to strike the declaration of Todd Wolfe (Dkt. 15) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of April, 2007.

                                    *Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page - 8